[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13786

Non-Argument Calendar

_____

In re: LILIA BELKOVA,

Debtor.

_____

LILIA BELKOVA,

Plaintiff-Appellant,

*versus*

PNC BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cv-00143-BJD

_____

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Appellant Lilia Belkova, proceeding *pro se*, appeals the district court's dismissal of her appeal of a bankruptcy court's judgment in favor of appellee PNC Bank, N.A. Because the district court properly dismissed the appeal as moot, we affirm.

## I.

After filing for bankruptcy, Belkova brought an adversary proceeding against PNC, seeking to invalidate a mortgage lien it held on real property located in Loxahatchee, Florida.[1] In her complaint, Belkova sought a declaration that PNC's mortgage was "invalid" and that its debt had been discharged in an earlier bankruptcy action that she had brought. Doc. 53-1 at 5–6.[2] In the adversary proceeding, Belkova did not seek damages from PNC. PNC brought counterclaims, seeking a declaration that it had a "lien on

---

[1] In the adversary proceeding, Belkova was initially represented by counsel. While the adversary proceeding was pending, Belkova's counsel withdrew, and she proceeded *pro se*.

[2] "Doc." numbers refer to the district court's docket entries.

the [p]roperty superior to any rights, claims, interest[s,] and liens of Belkova." Doc. 6-13 at 13.

The bankruptcy court ultimately granted summary judgment to PNC. It concluded that PNC had lien rights and was permitted "to enforce these equitable rights by foreclosure and judicial sale of the" property. Doc. 1-2 at 9. The bankruptcy court entered a final judgment in favor of PNC, allowing it to "seek to . . . foreclose on the [p]roperty in accordance with applicable state law and procedure." Doc. 1-3 at 2. Belkova appealed to the district court.[3] She did not file a motion to stay enforcement of the judgment pending appeal.

While Belkova's appeal of the bankruptcy court's order was pending in the district court, PNC brought a separate foreclosure action against Belkova and others in federal district court. In addition to PNC's foreclosure action, a homeowner's association brought its own foreclosure action regarding the property. The

---

[3] In the district court, Anissa Nazarova, who is Belkova's mother, and Belkova, in her capacity as the successor trustee of a trust, moved to intervene, arguing that they were "indispensable parties." Doc. 8 at 2. The district court denied the motion to intervene, concluding that it was untimely because the motion was not filed within 30 days of the docketing of Belkova's appeal to the district court. *See* Fed. R. Bankr. P. 8013(g).

Although Belkova argues in this Court that the district court should have granted the motion to intervene, she does not challenge the district court's determination that the motion to intervene was untimely. She thus has forfeited any challenge to that determination. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). Accordingly, we do not discuss the denial of the motion to intervene any further.

association's foreclosure action culminated in the judicial sale of the property. After the property was sold, the state court clerk issued a certificate of sale and later a certificate of title, both of which were recorded.

After the certificate of title was recorded, the district court in PNC's foreclosure action entered an amended judgment in favor of PNC and against Belkova and all other defendants. The purchaser of the property paid PNC to satisfy the amended judgment. PNC then filed a satisfaction of amended judgment in the foreclosure action, which reflected that PNC's amended judgment had been fully and completely satisfied.

Given these developments, PNC then filed a motion in the district court in which Belkova's appeal of the bankruptcy court's order from the adversary proceeding was pending to dismiss the appeal. Because Belkova did not obtain a stay pending appeal and the foreclosure sale had been completed, PNC argued that her appeal was moot. PNC also pointed out that it had no remaining interest in the property and that its amended judgment from the foreclosure action had been satisfied.

Belkova opposed the motion to dismiss the appeal. She argued that it was possible for her to obtain meaningful relief because a court could order the sale of the property to be reversed.

The district court granted PNC's motion and dismissed the appeal as moot, concluding it was not possible to grant Belkova any meaningful relief. Belkova appeals the district court's dismissal.

## II.

We review *de novo* a district court's determination that a bankruptcy appeal is moot. *See In re Hazan*, 10 F.4th 1244, 1252 (11th Cir. 2021).

## III.

"In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory." *In re Stanford*, 17 F.4th 116, 121 (11th Cir. 2021) (internal quotation marks omitted). "Constitutional mootness is jurisdictional and derives from the case-or-controversy requirement of Article III." *Id.* A case becomes moot under the Constitution "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 598 U.S. 288, 295 (2023) (internal quotation marks omitted). For jurisdictional purposes, a "case remains live as long as the parties have a concrete interest, however small, in the outcome of the litigation." *Id.* (alteration adopted) (internal quotation marks omitted).

In the bankruptcy context, a case also may become equitably moot. This non-jurisdictional doctrine "seeks to avoid an appellate decision that would knock the props out from under the authorization for every transaction that has taken place and create an unmanageable, uncontrollable situation for the Bankruptcy Court." *In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328 (11th Cir. 2016) (internal quotation marks omitted). A "central" concern for equitable mootness is whether a court can "grant effective judicial relief" given the developments in the case. *In re Club Assocs.*, 956 F.2d 1065,

1069 (11th Cir. 1992). We have held that an appeal of a bankruptcy court order allowing a creditor to foreclose on property was equitably moot when the debtor failed to obtain a stay pending appeal and the property at issue had been foreclosed upon and sold while the appeal was pending. *See In re Matos*, 790 F.2d 864, 865–66 (11th Cir. 1986).

The final type of mootness is statutory mootness. "Statutory mootness is not based on the impossibility or inequity of relief, but the preclusion of relief under a statute." *Stanford*, 17 F.4th at 122. The Bankruptcy Code "precludes an appellate court from reversing or modifying a bankruptcy court's authorization of a sale of a bankruptcy estate's property to someone who 'purchased such property in good faith'" under certain provisions of the Bankruptcy Code "unless the sale was 'stayed pending appeal.'" *Id.* (alteration adopted) (quoting 11 U.S.C. § 363(m)). "[O]nce a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court's authorization of the sale cannot be effectively altered on appeal." *Id.* (internal quotation marks omitted).

We agree with the district court that Belkova's appeal is equitably moot. Belkova challenged the bankruptcy court's determination in the adversary proceeding that PNC had lien rights that could be enforced by foreclosure and judicial sale. Although Belkova appealed this determination to the district court, she failed to seek a stay of the bankruptcy court's order pending the appeal. While the appeal was pending, the homeowner's association proceeded with its foreclosure action, which culminated in the judicial

sale of the property. On top of that, PNC obtained a final judgment in its foreclosure action, which was then fully satisfied. After all these developments, PNC no longer had any interest in the property. As a result, awarding Belkova the declaratory relief that she sought in the adversary proceeding—a declaration that PNC's mortgage was invalid—would not constitute effective relief. *See Matos*, 790 F.2d at 865–66.

Belkova tries to get around this mootness problem by arguing that the bankruptcy court could award her meaningful relief in the form of damages. She says that if the bankruptcy court ultimately determined that PNC's mortgage was invalid, she could recover damages equal to the amount that she paid PNC under her confirmed bankruptcy plan and would be entitled to a sum of money that had been held in escrow. She raises this argument for the first time in her appeal to this Court.

But Belkova's request for these damages comes too late. She never requested damages in her complaint in the adversary proceeding; she sought only equitable relief. In effect, Belkova seeks to amend her complaint on appeal to add a demand for a new type of relief, monetary damages. But it is well established "that a plaintiff cannot amend [her] complaint on appeal." *Durango-Ga. Paper Co. v. H.G. Estate, LLC*, 739 F.3d 1263, 1272 n.23 (11th Cir. 2014); *see also Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) (en banc) (stating that a party "is not permitted to simply 'insert' new allegations" into the complaint "through [her] appellate briefing"). Because Belkova failed to

demand damages in the bankruptcy court, we decline to consider her belated request. Accordingly, we affirm the district court's order dismissing her appeal as moot.

**AFFIRMED.**[4]

---

[4] Also pending before this Court is PNC's motion to strike portions of Belkova's initial brief. That motion is DENIED as moot.